UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LATOYA RAYMOND, individually and on behalf
Of all others similarly situated,

                              *Plaintiff*,      **ANSWER**

-against-      **Jury Trial Demanded**

NEW YORK STATE DEPARTMENT OF      20-CV-1380
CORRECTIONS AND COMMUNITY
SUPERVISION; Acting Commissioner ANTHONY
J. ANNUCCI, in his official capacity; and THE
STATE OF NEW YORK.

                              *Defendants*.

---

Defendants, New York State Department of Corrections and Community Supervision, Acting Commissioner Anthony J. Annucci, in his official capacity, and the State of New York, by their attorney, Letitia James, Attorney General of the State of New York, Joshua E. McMahon, Assistant Attorney General, of counsel, answer the Class Action Complaint as follows:

1. The allegations contained in paragraphs 1, 7, 8, and 72 of the Class Action Complaint is a characterization of Plaintiff's allegations, the authority relied upon, and the relief requested and, as such, does not require a response; however, to the extent a response is deemed necessary, deny all allegations of wrongdoing contained therein.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 2, 3, 10, 12, 13, 14, 16, 17, 22, 26, 27, 38, 39, 60, 61, 62, 63, 64, 65, 66, and 73 of the Class Action Complaint.

3. Deny the allegations contained in paragraphs 4, 5, 6, 19, 35, 36, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 67, 68, 69, 70, 71, 74, 75, 76, 77, 78 (and its various subparts), 79, 80, 81, 82, 88, 89, 90, 91, 92, 93, 98, 99, 100, 101, and 102 of the Class Action Complaint.

4. Admit the allegations contained in paragraphs 9, 15, and 20 of the Class Action Complaint.

5. As to paragraph 11 of the Class Action Complaint, admit that New York State is a named party but respectfully refer the court to the cited statutory authority and deny all remaining allegations to the extent they are inconsistent therewith.

6. As to paragraph 18 of the Class Action Complaint, admit that Anthony J. Annucci is a named party but deny knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

7. As to paragraphs 21, 23, 24, 25, 28, 29, 30, 31, 32, 33, 34, 37, 58 (and its various subparts), 59, 83, 84, 85, 86, 87, 94, 95, 96, and 97 of the Class Action Complaint, respectfully refer the Court to the cited and/or referenced statutory and/or regulatory authority, case law, and/or exhibit(s) as the best evidence and most accurate description of its contents, and deny the allegations to the extent that they are inconsistent therewith.

8. Deny that Plaintiff is entitled to the relief requested in the WHEREFORE clause and its various subparts.

9. Deny any allegation in the Class Action Complaint that alleges wrongdoing on the part of Defendants.

10. Deny any allegation of the complaint not specifically responded to above.

**Defenses**

11. The Class Action Complaint fails to state a claim upon which relief can be granted.

12. At all relevant times defendants acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity

13. The Class Action Complaint should be dismissed because Defendants had legitimate and non-discriminatory reasons for each and every action taken with respect to Plaintiff, unrelated to any alleged disability and/or other characteristic protected by law.

14. The Class Action Complaint should be dismissed because Defendants' policies and practices were applied consistently to all inmates including Plaintiff regardless of any alleged disability and/or other characteristic protected by law.

15. Assuming without admitting that Plaintiff was disabled within the meaning of any applicable law, her claims are barred because she was otherwise unqualified for the programs or services to which she sought access.

16. Plaintiff's ADA claims must be dismissed to the extent Plaintiff was not entitled to a reasonable accommodation for those services or programs to which she sought access, or to the extent that no accommodation would have been reasonable to permit Plaintiff's access and/or participation.

17. Plaintiff's claims should be dismissed to the extent she was offered but refused access to the services or programs underlying her Class Action Complaint.

18. Plaintiff's claims are barred to the extent that they are based upon any allegations or claims outside the scope of any underlying administrative complaints pursuant to which the instant action is purportedly brought.

19. Plaintiff's claims for damages are barred to the extent that any such damages would be remote, hypothetical, speculative, and/or *de minimis*.

20. Plaintiff's claims should be dismissed to the extent that she has failed to mitigate his damages.

21. Plaintiff's claims should be dismissed to the extent that they seek any form of relief not conferred by the statutes and authorities upon which Plaintiff purports to rely.

22. The Class Action Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

23. To the extent Plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by other state law, and by the Eleventh Amendment.

24. The Court lacks personal jurisdiction over Defendants.

25. The Class Action Complaint is barred by the applicable statute of limitations.

26. The Class Action Complaint is barred, in whole or in part, by the Eleventh Amendment.

27. Defendants were not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983. The doctrine of *respondeat superior* does not apply in civil rights cases, and the Class Action Complaint should therefore be dismissed.

28. Plaintiff has failed to exhaust administrative remedies.

29. To the extent plaintiff has, on three or more occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under section 1915.

30. To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

31. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

32. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated. Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

33. Defendants demand a trial by jury.

WHEREFORE, Defendants Susan Devlin-Varin respectfully ask that this Court deny the relief requested, dismiss the Class Action Complaint, and grant such other relief as to the Court shall seem is just and equitable.

> Pursuant to 28 U.S.C. § 1746 I declare that, on this date, I caused Plaintiff's attorney to be served with a copy of this letter response via the Court's electronic filing system.

Dated: Albany, New York
February 8, 2021

> LETITIA JAMES
> Attorney General of the State of New York
> Attorney for Defendants
> The Capitol
> Albany, New York 12224
>
>
> By: *s/ Joshua E. McMahon*
> Joshua E. McMahon
> Assistant Attorney General, of Counsel
> Bar Roll No. 516821
> Telephone: (518) 776-2603
> Email: Joshua.mcmahon@ag.ny.gov

TO: Andrew Stecker (via cm/ecf)